**DOR–SEAL LIMITED and Gilbert O. Capel, Plaintiffs,**

v.

**COMMISSIONER OF PATENTS, Defendant.**

**Civ. A. No. 2945–63.**

United States District Court
District of Columbia.

May 3, 1965.

George H. Mitchell, Jr., Eugene Sabol, Fisher, Christen, Sabol & Caldwell, Washington, D. C., for plaintiffs.

Clarence W. Moore, Sol., U. S. Patent Office, Washington, D. C., for defendant.

JACKSON, District Judge.

This civil action, brought under the provisions of 35 U.S.C. § 145, seeks judgment from this Court authorizing the Commissioner of Patents to issue to plaintiffs a patent on a new and useful improvement in a "Window Seal", as particularly specified in claims 11 and 5 of Application Serial No. 32,326, filed May 27, 1960.

The invention is a resilient window molding strip, which has a narrow channel on one side for receiving and gripping a glass window pane, and a wider channel on an opposite side for receiving and gripping the inside edge of the opening into which the window is to be fitted.

The claims are largely self-explanatory, and read as follows:

"Claim 11:

"A moulding for supporting and sealing a window in an opening in a door or the like comprising a unitary strip of resilient material, said strip being of substantially constant cross-section along its length, a first channel extending longitudinally of a first surface of said strip adapted to receive therein a sheet of glass, a second channel extending longitudinally of a second surface of said strip opposite from said first surface to form a pair of lips, said material being resilient as aforesaid whereby said lips can be flexed to embrace the marginal portions of an opening in a door or the like in use, said first channel being substantially narrower than said second channel, the thickness of the cross-section between the bottom of said first channel and the bottom of said second channel of said strip being substantially smaller than the cross-sectional thickness of said strip on each side of said first channel from said first channel to the outer edge thereof, whereby to form a pair of substantially rigid glass-engaging jaws adapted to grip a glass section and open and close about a jaw axis lying in said substantially smaller cross-section between the bottom of said first channel and the bottom of said second channel, said jaw axis extending longitudinally of said strip, said cross-sectional thickness of said strip on each side of said first channel being substantially smaller than the distance from said first channel to the outer edge of said strip, said lips each extending towards each other to form said second channel wider at its bottom than at its open side opposite said bottom, and the cross-sectional thickness of said strip at said lips being relatively large when compared to the cross-sectional thickness between the bottoms of said channels whereby laterally directed force

transmitted to said lips by the marginal edge of an opening in a door or the like is transmitted to said glass engaging jaws to close them about said jaw axis."

"Claim 5:

"A moulding as claimed in Claim 11 in which said first channel is wider at its bottom than at its open side opposite said bottom."

The Patent Office Board of Appeals, in affirming the Examiner, held that the differences between the claims and the prior art were such that their subject matter, as a whole, would have been obvious at the time the invention was made to a person having ordinary skill in the art. 35 U.S.C. § 103.

Two United States patents were relied upon by the Board as illustrating the prior art.

The first Patent, No. 2,255,725 to Trescher (1941), discloses a rubber window molding similar to plaintiffs', except for the construction of the glass-receiving or "first" channel. Trescher forms his first channel between two longitudinal flanges which are upstanding from the main horizontal web (or body portion) of his strip. Plaintiffs, however, form their first channel by making a recess in the web (or body portion). This latter construction causes the wall portions of plaintiffs' first channel to be rigid and unyielding. Trescher's molding is designed to "pop out" of the window opening upon application of moderate forces on the face of the glass.

The second Patent, No. 2,532,130 to Turner (1950), discloses a window moulding which is a composite. It consists of a rubber strip having a first channel recessed on one side of its body portion, but having only a portion of a second channel on the opposite side. The strip is attached to the window opening by pushing it through the opening and then inserting a segmented metal ring in a groove in the innermost edge of the strip. The ring is then secured to the window frame by screws.

The Board of Appeals recognized that neither the Trescher nor Turner patent, standing alone, was sufficient to meet the plaintiffs' claims. The shortcoming in Trescher is that his molding is constructed so that under moderate pressure it will pop out of the window opening of buses, with the molding still attached to the marginal edges of the glass, thereby avoiding injuries which might result if the edges of the glass were exposed. The shortcoming in Turner is that the channel designed to grip the inner edges of the window opening is but partially complete. Only one lip is present, the function of the other lip being assigned to the metal strip.

The Board combined the references, and asserted, principally, that it would be obvious to provide Turner's opening-gripping channel with two rubber lips instead of one, if one were to follow the example of Trescher, whose opening-gripping channel is indeed provided with two rubber lips.

The Board also recognized, however, that even with this combination the language of the plaintiffs' claims was still not met. The claims specify that the cross-sectional thickness on each side of the glass-gripping channel is substantially smaller than the distance from that channel to the outer edge of the strip. The Board responded to this by holding that this feature was not disclosed as critical in the specification.

At trial, the plaintiffs' testimony was mainly devoted to showing that the modification of Turner envisioned by the Board created an unworkable structure. Moldings were presented in Court that were made according to the Board's modifications, and were demonstrated to be unsatisfactory. Based upon this, and upon evidence of remarkable commercial success, plaintiffs argued that it would not have been obvious to a person skilled in the art to have modified Turner as suggested by the Board.

The Court finds itself in agreement with the plaintiffs. The Board's assertions are clearly inconsistent with the ev-

idence. In the first place, it seems to the Court that if modifying Turner in view of Trescher was so "obvious", Turner himself would have thought of it. Turner's purpose was the same as plaintiffs': he wished to fashion a rubber molding which would hold a window glass securely in place and be easily attached to the inner edges of the window opening. Turner is presumed to have known of Trescher, since Trescher's invention was 9 years earlier. Plaintiffs accomplished Turner's purpose, but with a far superior structure. Secondly, the Court does not find any suggestion in Trescher, Turner, or any other place that Trescher and Turner might profitably be combined. One seeking to improve a molding for holding a window tightly in place could hardly be expected to consult references describing moldings which allow windows to be easily pushed out. The evidence demonstrated that if Turner were modified by incorporating Trescher's lip, then the window could still be pushed out in accordance with Trescher's basic intentions. If Turner were modified by adding another lip like Turner's, however, the evidence showed that the resulting molding would be too rigid for installation.

All this creates considerable doubt as to the validity of the Board's decision. As the element of unquestioned commercial success is added, however, the evidence shifts decisively in favor of the plaintiffs.

When the fact of commercial success, the absence of a reason for combining Turner and Trescher, and the impracticality of the Board's suggested construction are collectively viewed, they demonstrate that plaintiffs have made an unobvious contribution to the art of installing windows.

Accordingly, the Court will find for the plaintiffs, and against the defendant, and will authorize the Commissioner of Patents to grant a patent containing claims 5 and 11 of the application.

The above Opinion contains Findings of Fact and Conclusions of Law.